IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MARQUETTE BRADLEY, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|        v. ) | 1:12cv92 (JCC/IDD) |
| ) | |
| JOHNSON & JOHNSON, *et al.*, ) | |
| ) | |
|     Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Johnson & Johnson, Amgen, Inc., and Janssen Biotech, Inc.'s (collectively, "Defendants") Motion to Dismiss [Dkt. 5] (the "Motion"). For the following reasons, the Court will grant Defendants' Motion.

### I. Background

*Pro se* Plaintiff Marquette Bradley filed suit in this Court on January 27, 2012. The Complaint consists of just three sentences and alleges the following: (1) Plaintiff's mother suffered and eventually died as a result of being given Procrit® and Aranesp®; (2) the death occurred in Fairfax County, Virginia; and (3) $800,550 is sought in relief for "undue pain and suffering" and "loss of presence." (Compl. [Dkt. 1] ¶¶ 1-2.)

As best the Court can discern, Plaintiff attempts to assert a wrongful death claim.[1]

On March 29, 2012, Defendants filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. [Dkt. 5.] A proper Roseboro notice accompanied the Motion. [Dkt. 6.] *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975). Plaintiff filed an opposition on May 4, 2012. [Dkt. 12.]

Defendants' Motion is before the Court.

## II.  Standard of Review

### A.  Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue.

---

[1] Plaintiff also refers to the Virginia Wrongful Death Statute in his opposition.

2

*Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Velasco v. Gov't of Indonesia*, 370 F.3d 393, 398 (4th Cir. 2004) (holding that "the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment") (citations omitted). In either circumstance, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Portfolio Recovery Assocs.*, 682 F. Supp. 2d 560, 566 (E.D. Va. 2009) (holding that "having filed this suit and thereby seeking to invoke the jurisdiction of the Court, Plaintiff bears the burden of proving that this Court has subject matter jurisdiction").

    B.   *Pro Se* Plaintiff

The Court construes the *pro se* filings in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff,

3

allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. Sept. 15, 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278.

### III. Analysis

Defendants argue that the Court lacks subject matter jurisdiction for at least two reasons. First, Defendants argue that the Complaint is a nullity because Plaintiff fails to allege that he is the personal representative of the decedent's estate. Second, Defendants argue that the Complaint should be dismissed because in Virginia a *pro se* plaintiff is not entitled to file a wrongful death action. Defendants are correct on both accounts.

Virginia law requires that a wrongful death action be brought "by and in the name of the personal representative" of

4

the decedent.[2]  Va. Code. § 8.01-50.  Plaintiff asserts in his opposition that he is the decedent's personal representative based on his interpretation of the Virginia Code.  However, Plaintiff fails to offer any other argument or evidence demonstrating that he has been properly qualified as a personal representative of the decedent's estate.  He therefore lacks standing to bring this wrongful death action.  *See Hall v. Bon Secours*, No. 3:06cv678, 2007 WL 295619, at *2 (E.D. Va. Jan. 29, 2007) (holding that plaintiff lacked standing where he failed to demonstrate that he was the personal representative of the decedent's estate); *Johnston Mem'l Hosp. v. Bazemore*, 277 Va. 308, 315 (Va. 2009) ("Since only the personal representative of a decedent's estate may bring an action for wrongful death and the named plaintiff in this action was not a legal entity at the time the action was filed, the complaint had no legal effect, as the named plaintiff lacked legal standing to file the action.") (internal citation omitted).

Moreover, even if Plaintiff were the personal representative of the decedent's estate, a representative may not bring a wrongful death action *pro se*, as Plaintiff attempts to do here.  While the Virginia wrongful death statute vests a right of action in the decedent's personal representative, the *cause of action* belongs to the decedent's beneficiaries.  *Kone*

---

[2] Virginia law applies because jurisdiction is founded on diversity and the death occurred in Virginia.  *See Spruill v. Boyle-Midway, Inc.*, 308 F.2d 79, 83 (4th Cir. 1962); *Bays v. Jenks*, 573 F. Supp. 306, 307 (W.D. Va. 1983).

*v. Wilson*, 272 Va. 59, 62-63 (Va. 2006).  As such, a plaintiff is not permitted to maintain a cause of action personal to himself and is not entitled to file a wrongful death action *pro se*.  *See id.* (holding that a personal representative's "surrogate status precluded a *pro se* filing because he was acting in a representative capacity for the true parties in interest, [the decedent's] beneficiaries").  A wrongful death action brought by a *pro se* plaintiff is a nullity.  *See Ozbay v. Eli Lilly & Co.*, No. 1:08cv227, 2008 WL 895776, at *2 (E.D. Va. Apr. 2, 2008).

       In sum, Plaintiff lacks standing and the Complaint is therefore dismissed for lack of subject matter jurisdiction.[3]  Because this action is a nullity, the defects identified above cannot be cured by an amendment of the pleadings or by adding the proper plaintiff.  *Chesapeake House on the Bay, Inc. v. Va. Nat'l Bank*, 231 Va. 440, 442-43 (Va. 1986); *cf. Ozbay*, 2008 WL 895776, at *3 (holding that limitations period was not tolled during pendency of motion for judgment, which was filed by a *pro se* plaintiff and hence was a nullity).  Defendants contend that for this reason, and because a new wrongful death action would be barred by the statute of limitations, dismissal should be with prejudice.  While it may be so that a new wrongful death action would be time-barred, a dismissal for lack of subject

---

[3] Having determined that subject matter jurisdiction is lacking, the Court will not address Defendants' argument that the Complaint fails to state a claim.

matter jurisdiction is not a determination on the merits and must be without prejudice. *See Patterson v. State Bureau of Investigation*, 92 F. App'x 38, 39 (4th Cir. 2004); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (holding that "[t]he district court extended the futility principle too far . . . by dismissing with prejudice for lack of standing, since it lacked jurisdiction to make a determination on the merits of the complaint"). As such, the Complaint is dismissed without prejudice.

### IV. Conclusion

For these reasons, the Court will grant Defendants' Motion.

An appropriate Order will issue.

|  |  |
|---|---|
| May 30, 2012<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |